LEANN M. BETHEL (SBN 361099)
LBethel@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorney for Plaintiff
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DESIRAE WEBER; and CHRISTINA AYALA,<br><br>Defendants. | Case No. 8:25-cv-02372<br><br>**COMPLAINT FOR INTERPLEADER RELIEF** |

Plaintiff Colonial Life & Accident Insurance Company ("Colonial") brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22 to require Defendants Desirae Weber and Christina Ayala (collectively, "Defendants"), to interplead, or settle amongst themselves, competing claims made following the death of Manuel Arthur Ayala ("Decedent"), to a net total of Sixty Two Thousand Five Hundred Dollars ($62,500.00) in insurance benefits under plan that Colonial issued to Manuel Arthur Ayala in connection with his employment at American Family Housing.

Colonial, by and through its undersigned counsel, and for its Complaint for Interpleader Relief, states as follows:

## I. PARTIES

1. Colonial is a life insurance company incorporated under the laws of the State of Maine, with its principal place of business in Portland, Maine. It is, therefore, a citizen of Maine. It is duly licensed to do business in the State of California.

2. Upon information and belief, Defendant Desirae Weber ("Weber") the daughter of Decedent, is a citizen of the State of California and a resident of, and domiciled in, Riverside County, California.

3. Upon information and belief, Defendant Christina Ayala ("Ayala"), the wife of the Decedent, is a citizen of the State of California and is a resident of, and domiciled in, Orange County, California.

## II. JURISDICTION AND VENUE

4. This is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331, because this action involves competing claims for benefits, including the possible disqualification of a beneficiary, and to enforce rights pursuant to the Plan, which is governed by Employee Retirement Income Security Act of 1974 (ERISA), a law of the United States. 29 U.S.C. § 1001, *et seq*. Defendants, as an actual, putative, or potential beneficiary of the Plan, could bring an action against Colonial for recovery of benefits under ERISA's civil remedies provisions, 29 U.S.C. § 1132 *et seq*. Thus, subject matter jurisdiction exists in this matter because the potential actions would present a substantial question of federal law. Colonial seeks interpleader, a form or equitable relief, available

pursuant to 29 U.S.C. § 1132(a)(3).

6. Additionally, a Fed. R. Civ. P. 22 interpleader action, which is fundamentally equitable in nature, is a remedy available to plan fiduciaries pursuant to ERISA, 29 U.S.C. § 1132(a)(3), for the purpose of avoiding multiple liability to adverse claimants for the same benefits.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this district..

## III. FACTUAL BACKGROUND

8. American Family Housing ("Employer") established and maintained a Plan for the benefit of its employees (the "Plan"). At all relevant times, Employer sponsored the Plan to provide a package of insurance benefits to its employees under the Plan through agreements for the payment of policies with Colonial. ("Plan") The Plan is governed by ERISA.

9. Decedent was an employee of American Family Housing, and a participant in the Plan, through which Policy No. 8538879090 was issued to Decedent, by Colonial. *See* Exhibit A, Policy No. 8538879090

10. Under Policy No. 8538879090, the Decedent had a $125,000.00 life insurance purchased through the employer. *See* Exhibit A, Policy No. 8538879090 at pp. 8, 12.

11. The Decedent has a total of $125,000.00 in life benefits under the Plan (the "Death Benefits").

12. Decedent's beneficiary designations on file for the life insurance purchased through the employer, name Weber as 100% primary beneficiary of the Death Benefits as of September 1, 2020. *See* Exhibit A at pp. 8, 13, 16.

13. Colonial, as the claim administrator for claims made under the Plan, must administer claims in accordance with the terms and conditions of the Plan.

14. The Plan establishes the right of a participant to name his or her beneficiary, and state that benefits will be paid to the designated beneficiary.

15. The Plan states the following regarding designating a beneficiary: "You have the right to name a beneficiary. This is the person or party who will receive the death benefit of this policy if the insured dies while it is in force. The beneficiary's name is shown on the Policy Schedule unless you have exercised your right to change the beneficiary. You also have the right to name an irrevocable beneficiary. This designation means that no one, including you, can change the beneficiary without written permission. If there is more than one beneficiary, benefits will be distributed equally unless you designate otherwise." **Exhibit A**, at 24.

16. Upon information and belief, Decedent died on December 31, 2023. *See* Exhibit B, Death Certificate.

17. The Decedent's death certificate identified his spouse as Christina Marie Ayala. *See* Exhibit B, Death Certificate. On information and belief, Decedent married Ayala on July 13, 2023.

18. Colonial received a claim from Gina Rocha, daughter of descendant's wife, submitted via email on January 23, 2024, seeking the Death Benefits.

19. Colonial received a claim from Weber submitted via email on February 7, 2024, seeking the Death Benefits.

20. California Family Code Section 760 provides that "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." However, Life insurance policies issued prior to marriage are generally

considered separate property of the insured under the “inception of title” rule in community property states, including California.

21. Colonial previously paid to Defendant Desirae Weber 50% of Decedent’s death benefits including interest in the amount of $62,522.26 on February 21, 2024, as the named beneficiary.

22. The remaining portion of Decedent’s insurance benefits that remain unpaid and subject to this interpleader action totals $62,500 (the “Death Benefits”).

23. On July 11, 2024, Colonial received a letter from Weber disputing Ayala’s interest in the death benefits, including in part “I am writing to express my respectful disagreement with the decision to split the benefits of Manuel Ayala's policy with the surviving spouse, as outlined in your recent communication. As you may be aware, the policy in question was established long before Manuel Ayala's and the surviving spouse were married, and its intent was to ensure that Manuel Ayala's children, including myself and my siblings, would receive 100% of the benefits.”

24. On August 13, 2024, Colonial received a letter from Ayala, the surviving spouse, asserting her interest in the death benefits, including in part “I Christina Ayala spouse of Manuel Ayala am entitled to 50% Per California Community Property Statue, The Surviving Spouse of the Insured is Entitled to Claim 50% of Policy Benefits.”

25. Between March 2024 and July 2024, Colonial advised Weber and Ayala in several writings that they had submitted competing claims for the Death Benefits and that if no agreement could be reached as to how the Death Benefits should be disbursed, then Colonial would proceed with filing an interpleader complaint.

26. Between August 2024 and October 2024, Colonial advised Weber and Ayala that they would interplead the Policy benefits in light of their inability to reach an agreement.

27. Prior to filing this Complaint, counsel for Colonial further inquired if the parties could resolve their dispute without interpleader, but the parties could not reach an agreement.

28. Based upon the surrounding facts and circumstances of the competing claims, Colonial cannot determine whether a court would find that the Death Benefits would be payable to Weber and/or Ayala, based on Defendant Weber's assignment.

29. Colonial has inquired whether the claimants may be able to reach an amicable resolution in an effort to avoid litigation, but without success.

## IV. BASIS FOR INTERPLEADER

30. Colonial incorporates by this reference each preceding paragraph as if fully set forth herein.

31. Colonial is subject to multiple liability with respect to the Death Benefits payable upon Decedent's death, because of rival claims by Defendants.

32. Colonial is unable to determine which Defendant(s) may be entitled to the Death Benefits and is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

33. Colonial has no claim to or interest in the Death Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader, and Colonial at all times has been willing to deliver to the person or persons entitled to possession.

34. Colonial has in no way colluded with any Defendant concerning the matters of this cause.

35. Colonial has filed this Complaint of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

36. Colonial unconditionally offers and is ready to deposit with the Court the Death Benefits in the amount of $62,500.00, and any applicable interest.

WHEREFORE, Colonial respectfully requests that this Honorable Court grant the following relief:

A. That each of the Defendants be restrained from instituting any action against Colonial related to the recovery of the Death Benefits;

B. That Colonial be permitted to remit the Death Benefits into the Registry of this Court pending judgment;

C. That the Defendants be required to interplead and settle among themselves their rights to the Death Benefits;

D. That Colonial be discharged from all liability under the Group Policies with respect to the death of Decedent;

E. That Colonial be awarded its attorneys' fees and costs, and that this amount be deducted from the Death Benefits; and

F. For such further relief as the Court may deem appropriate.

Respectfully submitted this 20th day of October, 2025.

*/s/ LeAnn M. Bethel*
LEANN M. BETHEL (SBN 361099)
LBethel@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067

*Attorneys for Plaintiff Colonial Life Insurance Company of America*